## AMSDEN v. THE DUBUQUE AND SIOUX CITY RAILROAD COMPANY.

1. NEGLIGENCE AS A DEFENCE. In an action against a Railroad Company for a breach of a contract to leave freight cars on a side track for the purpose of receiving and taking away freight, the defendant, in one count of his answer, alleged that the plaintiff had negligently permitted freight cars to stand upon the said side track so near the main one that one or two collisions had taken place, and there was danger of others, and the plaintiff was unwilling to become responsible for the injuries that might result from such negligence. It was held, that as this defense was not set up as a counter-claim or set-off, and was not stated as a defense in bar, it was properly stricken from the answer.

2. ERROR WITHOUT PREJUDICE. A cause will not be reversed because improper evidence was admitted, when the record shows affirmatively that such evidence was not considered by the court.

3. RAILROAD COMPANY: CONTRACT. The liability of the Dubuque and Sioux City Railroad Company, on a contract of the Dubuque and Pacific Railroad Company, considered and determined.

*Appeal from Dubuque City Court.*

MONDAY, APRIL 14.

THE plaintiff seeks to recover of the defendant for a breach of the following contract:

" In consideration that B. M and N. C. Amsden, of Manchester, Delaware county, Iowa, release the Dubuque and Pacific Railroad Company from all damages, and claim for damages, for borrow land taken by the Dubuque and Pacific Railroad Company, in the construction of their road to Manchester, which said damages are estimated at two hundred and fifty dollars; the Dubuque and Pacific Railroad Company agree with said B. M. and N. C. Amsden, that on or about the time the track of the road shall be laid to the village of Manchester, they will cause a switch to be put in said track at or near the crossing of the line of Wayne street in said village, and two hundred and fifty feet of side

track to be laid on the north side of the main track, and will allow said B. M. and N. C. Amsden to build upon and use the said side track for warehouse purposes, and also to continue said track, at their own expense, to the crossing of Sama street; and said Company further agree that they will regularly run their cars to any warehouse that may be built on said side track, for the purpose of receiving or discharging any freight that may be shipped to and from said place by car load. Said side track may be built of T rail or strap rail, and the parties building the same are to keep the respective portions in repair. Done in Dubuque, Iowa, the 26th of January, 1859, under the hands of the president and secretary, and corporate seal of said Company, and the hand of said B. M. and N. C. Amsden.

J. P. FARLEY, *Pres.*

[L. S.]      J. M. McKINLAY, *Sec'y.*

B. M. & N. C. AMSDEN.

It is alleged, in the petition, that on the 21st day of August, 1860, the Dubuque and Pacific Railroad Company sold and conveyed the road with "its franchises, appurtenances and properties to the defendant, the Dubuque and Sioux City Railroad Company * * * * and by the terms of said sale and conveyance the defendants received the said road and franchises and properties upon the same terms and conditions, rights and privileges, as they were held before said sale. by the Dubuque and Pacific Railroad Company." The questions raised on the trial below are stated in the opinion of the court. Trial by the court without the intervention of a jury, judgment for the defendant, and both parties appeal.

*Burt, Angell & Lyon* for the plaintiffs, as to the admissibility of the evidence to which plaintiff excepted, cited 1 Greenl. Ev., § 51; 3 Phill. Ev. (ed. 1859), 143; Lube's Eq. Pl., 19; *Field* v. *Mayor, &c.,* 6 N. Y., 179; *Clark* v. *Vance,*

19 Wend., 232; *Worrall* v. *Parmelee*, 1 N. Y., 519; *Draper* v. *Ainsworth*, 9 Barb., 619; in support of the ruling of the court in striking out the second count of the answer. *Allen* v. *Patteson*, 3 Seld., 478; *Wooden* v. *Strew*, 10 How. P. R., 48; *Mann* v. *Morehead*, 5 Sand., 557; *Avery* v. *Ensign*, 13 How. P. R., 35; *Boyce* v. *Brown*, 7 Barb., 85.

*Platt Smith* and *J. M. McKinlay* for the defendants.

Lowe, J. — The plaintiffs, in their petition, state that on the 26th day of January, 1859, and at the city of Dubuque, they entered into a written contract with the Dubuque and Pacific Railroad Company, by which they relinquish their claim of $250 for borrow land in the construction of said road, in consideration of which the company covenanted to construct a switch in connection with their railway track, near the village of Manchester, and to take off with their cars whatever freight plaintiffs should have for transportation at their warehouse, to be built near said side track. The switch and warehouse were severally built, and freight carried off for a given period as per agreement, when a decree of foreclosure was rendered against the Dubuque and Pacific Railroad Company, for some seventeen hundred thousand dollars, to satisfy which, the railway, with all its franchises and appurtenances, was sold to the defendants in this suit. The plaintiffs claim that in making this purchase the defendants assumed to carry out the contract and obligations of the old company, but had failed to do so, and now refused to leave their cars and take off their freight which they had for shipment, as stipulated in the agreement above specified, to their great damage, &c.

The answer first denies any undertaking or engagement on the part of the defendant to carry out and perform the terms and conditions of the contract set up in the plaintiff's petition, as having been made with the Dubuque and Pacific Railroad Company. Secondly, the answer sets up some

special matters in relation to plaintiffs' carelessness in the treatment and management of the freight cars left to be loaded and unloaded for their benefit on said side track, to the effect, for instance, that the plaintiffs had negligently left the freight cars standing upon the side track so near to the main track that one or two collisions had taken place, and there was danger of others, and that the plaintiffs were unwilling to become responsible for injuries that might thus result from such negligence. Upon motion, this special matter was stricken from the record, and we think properly so. It was not pleaded as a set-off or counterclaim, nor was it stated in such a manner as to constitute a defense in bar to the plaintiffs' action. Yet the defendants excepted, took their appeal, and assign the ruling of the court on said motion as a ground of error.

On the trial of the cause afterward, before the court, without a jury, the defendants were permitted to introduce evidence to prove that part of the defense which had been thus stricken from the files, to which the plaintiffs excepted, and now urges the same as error. We can discover no good reason why this was done, and of course we believe it was irregular; but the record shows affirmatively that no use was made of the evidence by the judge trying the cause, and we conclude, therefore, the plaintiffs received no prejudice thereby. It is distinctly stated by the court, in his judgment, that he decided against the plaintiffs upon the issue made by the defendants' denial of the allegations in their petition.

The only other grounds of complaint by the plaintiffs, are, that the court erred in holding that the defendants were not bound under their purchase of said railroad and its franchises, to carry out the contract which they claim had been entered into, as stated in their petition, with the Dubuque and Pacific Railroad Company. The only evidence offered upon this point is the conveyance from the

last named company to the defendants, and we have no hesitation in holding that the plaintiffs' claim derives no support from that instrument.[1]

Judgment affirmed.

---

[1] The decree, pursuant to which the conveyance was made, contained the following order:

That the complainants, in taking and acquiring the absolute right and title in said property, namely, the Dubuque and Pacific Railroad, its franchises, right of way, depot grounds and buildings, rolling stock, lands granted by Congress to aid in constructing said road, remaining undisposed of, and other property mentioned in said mortgages, shall take the same, to be by them conveyed, in conjunction with the Dubuque and Pacific Railroad Company, to the Dubuque and Sioux City Railroad Company, in accordance with the terms and conditions hereinafter set forth. And the Dubuque and Sioux City Railroad Company shall have and hold the lands which were granted by Congress to the State of Iowa, to aid in building said road and branch, and by the State of Iowa to the Dubuque and Pacific Railroad Company, subject to the same rights and obligations, and upon the same terms and conditions as the same were held by the Dubuque and Pacific Railroad Company.

The *habendum* in the deed is as follows:

Now, therefore, in consideration of the premises, the said trustees, Morris K. Jesup, Platt Smith, William W. Hamilton and Hermann Gelpecke, and the Dubuque and Pacific Railroad Company, hereby remise, release, sell and convey to the Dubuque and Sioux City Railroad Company, the said railroad, its franchises, appurtenances and the other properties aforesaid; also, the said lands granted by Congress, so far as the same remained undisposed of at the time of said foreclosure, to have and to hold the same upon the same terms and conditions, rights and privileges, as they were heretofore held by the Dubuque and Pacific Railroad Company.

